# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/24/2020 12:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk
Case 2:20-cv-10622-GJS   Document 3-1   Filed 11/20/20   Page 2 of 12   Page ID #:13
Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Gary Tanaka

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

| | |
|---|---|
| **Brian Whitaker** <br><br> Plaintiff, <br><br> v. <br><br> **Skyways Hotel Inc.**, a California Limited Liability Company; and Does 1-10, <br><br> Defendants, | **Case No.** 20TRCV00677 <br><br> **UNLIMITED CIVIL CASE** <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act <br><br> Damages demanded exceed $25,000. |

Plaintiff Brian Whitaker complains of Skyways Hotel Inc.; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant Skyways Hotel Inc. owns and operates the Super 8 Motel

1

Complaint

located at 9250 Airport Blvd., Los Angeles, California currently and at all times relevant to this complaint.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**PRELIMINARY STATEMENT**

4. This is a lawsuit challenging the reservation policies and practices of a place of lodging. Plaintiff does not know if any physical or architectural barriers exist at the hotel and, therefore, is not claiming that that the hotel has violated any construction-related accessibility standard. Instead, this is about the lack of information provided on the hotel's reservation website that would permit plaintiff to determine if there are rooms that would work for him.

5. After decades of research and findings, Congress found that there was a "serious and pervasive social problem" in America: the "discriminatory effects" of communication barriers to persons with disability. The data was clear and embarrassing. Persons with disabilities were unable to "fully participate in all aspects of society," occupying "an inferior status in our society," often for no other reason than businesses, including hotels and motels, failed to provide information to disabled travelers. Thus, Congress decided "to invoke the sweep of congressional authority" and issue a "national

mandate for the elimination of discrimination against individuals with disabilities," and to finally ensure that persons with disabilities have "equality of opportunity, full participation, independent living" and self-sufficiency.

6. As part of that effort, Congress passed detailed and comprehensive regulations about the design of hotels and motels. But, as importantly, Congress recognized that the physical accessibility of a hotel or motel means little if the 61 million adults living in America with disabilities are unable to determine which hotels/motels are accessible and to reserve them. Thus, there is a legal mandate to provide a certain level of information to disabled travelers.

7. But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

8. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique needs and to ameliorate their physical limitations. But persons with disabilities are never more vulnerable than when leaving their own residences and having to travel and stay at unknown places of lodging. They must be able to ascertain whether those places work for them.

**FACTUAL ALLEGATIONS:**

9. Plaintiff planned on making a trip in October of 2020 to the Inglewood, California, area.

10. He chose the Crown Airport Hotel located at 4200 W. Century Blvd., Inglewood, California, because this hotel was at a desirable price and location.

11. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient

maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

12. Plaintiff went to the Super 8 Motel reservation website at https://www.wyndhamhotels.com/super-8/los-angeles-california/ seeking to book an accessible room at the Los Angeles location on September 11, 2020.

13. Plaintiff found that there was little information about the accessibility of the rooms. The rooms with one queen bed and two double beds vaguely mentioned that the "bedroom is wheelchair accessible". The Website mentions that the bathrooms in these rooms are "wheelchair accessible", which is a conclusion. There is no mention if the sinks are accessible, or if the toilets have the proper clearance around them. There is no mention if the desks in the rooms or the maneuvering clearances in the rooms are accessible.

14. The defendant's reservation system failed to identify and describe the accessible features in the guestroom chosen by the plaintiff in enough detail to reasonably permit him to assess independently whether the particular guestroom met his accessibility needs.

15. This lack of information created difficulty for the plaintiff and the idea of trying to book this room -- essentially ignorant about its accessibility -- caused discomfort for the Plaintiff.

16. Plaintiff would like to patronize this hotel but is deterred from doing so because of the lack of detailed information through the hotel's reservation system. Plaintiff not only travels frequently but is always on the lookout for businesses that violate the law and discriminate against him and other persons with disabilities, intending to have them comply with the law and pay statutory penalties.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

**WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

17. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the those goods, services, facilities, privileges advantages or accommodations. See 42 U.S.C. § 12182(B)(2)(A)(ii).

19. Specifically, with respect to reservations by places of lodging, a defendant must ensure that its reservation system, including reservations made by "any means," including by third parties, shall:

   a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

   b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

   c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

Complaint

*See* 28 C.F.R. § 36.302(e).

20. Here, the defendant failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs and failed to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

22. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

23. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices.

24. Because the violation of the Unruh Civil Rights Act resulted in difficulty and discomfort for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

Dated: September 17, 2020        CENTER FOR DISABILTY ACCESS

By:_____
Russell Handy, Esq.
Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 10/19/2020 03:55 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk
DocuSign Envelope ID: F4036061-4063-4526-893F-0683EC0B0777
Case 2:20-cv-10622-GJS   Document 3-1   Filed 11/20/20   Page 9 of 12   Page ID #:20

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> CENTER FOR DISABILITY ACCESS <br> Raymond G. Ballister, Jr. SBN 111282 <br> 8033 Linda Vista Rd, Suite 200 <br> San Diego, CA 92111 <br> TELEPHONE NO.: (858) 375-7385  FAX NO. (Optional): (888) 422-5191 <br> E–MAIL ADDRESS (Optional): general@potterhandy.com <br> ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 825 Maple Ave.
MAILING ADDRESS: 825 Maple Ave.
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Southwest District

PLAINTIFF/PETITIONER: Whitaker

DEFENDANT/RESPONDENT: Skyways Hotel Inc. et al

CASE NUMBER: 20TRCV00677

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: Whitaker v. Skyways Hotel Inc.et al

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents): SEE ATTACHED LIST OF DOCUMENTS SERVED
3. a. Party served (specify name of party as shown on documents served):

   Skyways Hotel Inc., a California Limited Liability Company;

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

   Agent for Service of Process: Chandra Vallabh

4. Address where the party was served:
   9250 Airport Blvd, Los Angeles, CA 90045
5. I served the party (check proper box)
   a. [ ] *by personal service.* I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date):           (2) at (time):
   b. [X] *by substituted service.* On (date): 10/12/2020    at (time): 2:26 pm    I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

   Jan Vallabh - Office Manager

   (1) [X] *(business)* a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] *(home)* a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] *(physical address unknown)* a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): 10/14/2020 from (city): San Diego     or [X] a declaration of mailing is attached.

   (5) [ ] I attach a *declaration of diligence* stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Whitaker | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Skyways Hotel Inc. et al | 20TRCV00677 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*              (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant. (415.10)
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):* Skyways Hotel Inc., a California Limited Liability Company;
   under the following Code of Civil Procedure section:

   ☒ 416.10 (corporation)                ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)        ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                              ☐ other:

7. **Person who served papers**
   a. Name: Rodolfo Garcia
   b. Address: 1417 S. Atlantic Blvd #36, Alhambra, CA 91803
   c. Telephone number: 626 375-5246
   d. **The fee** for service was: $ 30
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
       (i) ☐ owner ☐ employee ☒ independent contractor.
       (ii) Registration No.: 2018013077
       (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 10/16/2020

_____         *Rodolfo Garcia* (signature)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     (SIGNATURE)

POS-010 [Rev. January 1, 2007]           **PROOF OF SERVICE OF SUMMONS**           Page 2 of 2

| | |
|---|---|
| Attorney or Party without Attorney (Name and Address):<br>CENTER FOR DISABILITY ACCESS<br>Raymond G. Ballister, Jr. SBN 111282<br>8033 Linda Vista Rd, Suite 200<br>San Diego, CA 92111<br>Telephone No.: (858) 375-7385<br>Fax No.: (888) 422-5191 | |
| Attorney for Plaintiff | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | |
| SHORT TITLE CASE:<br>Whitaker v. Skyways Hotel Inc.et al | |
| PLAINTIFF: Whitaker | |
| DEFENDANT: Skyways Hotel Inc. et al | |
| PROOF OF SERVICE BY MAIL | Case No.: 20TRCV00677 |

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. I served copies of the following documents: **SEE ATTCHED LIST OF DOCUMENTS SERVED**

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

   a. Date of Mailing: 10/14/2020

   b. Place of Mailing: San Diego, California

   c. Addressed as follows:
      Skyways Hotel Inc.
      Agent For Service Of Process: Chandra Vallabh
      9250 Airport Blvd, Los Angeles Ca 90045

I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid at San Diego, California in the ordinary course of business.

**Armada Prime**
8033 Linda Vista Road Suite 200
San Diego CA 92111
**(213) 761-5477**
**Admin@ArmadaPrime.com**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: 10/14/2020        Signature: _____

**PROOF OF SERVICE BY MAIL**

DocuSign Envelope ID: 51036061-4963-4526-893F-08822C0B0777
Case 2:20-cv-10622-GJS   Document 3-1   Filed 11/20/20   Page 12 of 12   Page ID #:23
Case Short Name (File Reference):
Whitaker v. Skyways Hotel Inc.et al

Case Number: 20TRCV00677

# DOCUMENTS SERVED

- ☑ SUMMONS & COMPLAINT
- ☑ CIVIL CASE COVER SHEET
- ☑ CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
- ☐ VERIFICATION FOR COMPLAINT
- ☑ NOTICE OF CASE MANAGEMENT CONFERENCE
- ☑ NOTICE OF CASE ASSIGNMENT
- ☑ INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES
- ☑ ADR INFORMATION PACKAGE
- ☐ STIPULATION TO PARTICIPATE IN ADR
- ☐ DISPUTE RESOLUTION PROGRAMS ACT CONTRACTORS
- ☐ IMPORTANT INFORMATION FOR BUILDING OWNERS & TENANTS
- ☐ NOTICE TO DEFENDANT
- ☐ REQUEST TO WAIVE COURT FEES
- ☐ ORDER ON COURT FEE WAIVER
- ☑ VOLUNTARY EFFICIENT LITIGATION
- ☑ STIPULATION - EARLY ORGANIZATION MEETING
- ☑ STIPULATION – DISCOVERY RESOLUTION
- ☑ STIPULATION AND ORDER – MOTIONS IN LIMINE
- ☑ INFORMAL DISCOVERY CONFERENCE
- ☑ ORDER TO SHOW CAUSE HEARING
- ☐ NOTICE TO PLAINTIFF(S) / COUNSEL
- ☐ ORDER PURSUANT TO CCP 1054(A) EXTENDING TIME TO RESPOND

- ☐ TO ATTORNEY OF RECORD
- ☐ NOTICE TO LITIGANTS
- ☐ DEPARTMENT SE-C LAW & MOTION PROCEDURES
- ☐ ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS [PER CALIFORNIA CIVIL CODE 55.3(B)(1)(A)]
- ☐ LIMITED JURISDICTION CASE MANAGEMENT PROCEDURES AND INSTRUCTIONS
- ☐ CERTIFICATE OF COUNSEL
- ☐ LOS ANGELES SUPERIOR COURT POLICY
- ☐ NOTICE OF STATUS CONFERENCE
- ☐ CLERK'S CERTIFICATE OF MAILING
- ☐ CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
- ☐ NOTICE OF CASE MANAGEMENT REVIEW
- ☐ DEFENDANT'S APPLICATION FOR STAY & EARLY EVALUATION CONFERENCE PER CIVIL CODE 55.54 OR JOINT INSPECTION
- ☐ NOTICE OF STAY & EARLY EVALUATION CONF OR JOINT INSPECTION (Disability Access Litigation) AND ADVISORY NOTICE TO DEFENDANT [PER CALIFORNIA CIVIL 55.54(A)(1)]
- ☐ APPLICATION FOR MANDATORY EVALUATION CONFERENCE
- ☐ CONFIDENTIAL COVER SHEET AND DECLARATION RE DOCUMENTS FOR STAY AND EARLY EVALUATION CONFERENCE
- ☐ GENERAL ORDER
- ☐ PROOF OF SERVICE – DISABILITY ACCESS LITIGATION
- ☐ NOTICE OF ASSIGNMENT TO IMAGING DEPARTMENT
- ☑ OTHER: CERTIFICATE OF MAILING